STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-361
Ṕ̃ẗ̃. Ẏ̃Ọ̃R̃- ' ḁ̃ʔ̃ʊ̃'

MILL POND CONDOMINIUM
ASSOCIATION,

Plaintiff

v.

**ORDER, DECISION
AND JUDGMENT**
(TITLE TO REAL ESTATE AFFECTED)

RICHARD MANALIO and
ANNE MANALIO,

Defendants

1. <u>PARTIES</u> —The plaintiff is Mill Pond Condominium Association of 1732 Post Road in Wells, Maine. It was represented by Susan B. Driscoll of Kennebunk, Maine. The defendants are Richard Manalio and Anne Manalio of 1738 Post Road in Wells, Maine. They were represented by Gregory J. Orso of York, Maine.

2. <u>DOCKET NUMBER</u> — The docket number is CV-04-361.

3. <u>SERVICE</u> — All parties received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4. <u>DESCRIPTION OF REAL ESTATE</u> — The plaintiff owns the real estate at 1732 Post Road in Wells, Maine, described in a deed of August 23, 1985 from Peter Quinn and others to Kieran Development Corporation, which is recorded at Book 3613, Page 230. The defendants own adjoining real estate, which is described in a deed of October 16, 1979 from Bois Construction Co., Inc. to them, which is recorded at Book 2580, Page 202. The defendants' property abuts Route 1 while the plaintiff's property is set back from Route 1. The plaintiff's own a narrow strip of land, which

connects its property to Route 1. The defendants are benefited by an easement on this strip of land. The primary dispute in this case involves the nature of the easement and the respective rights of the parties to use this strip of land, which is about 42 feet wide and about 175 to 180 feet long. See August 19, 1985 revised survey by A.W.I. Engineering Co. of W. Scarborough, Maine.

The plaintiff has filed an amended complaint. Count I seeks a declaratory judgment regarding the use that the defendants can make of the easement. Count II seeks damages for the conversion of a sign near Route 1. Count III is a claim that the defendants have overburdened the easement. Count IV is based on nuisance. Count V is a common law trespass claim regarding a fence and Count VI is a statutory trespass claim regarding survey markers or monuments. Following a more recent survey Counts V and VI were voluntarily dismissed with prejudice.

The defendants have filed a counterclaim. Count I also seeks a declaratory judgment, Count II is a claim for interference with an easement. Count III is a claim for prescriptive easement while Count IV was a trespass claim regarding a utility line.

It is unfortunate that litigation was necessary, as the relationship between the parties has been severely strained. It is hoped that the decision will clarify the rights of the parties, separate them to the greatest extent possible, reduce the tension that exists and allow each side to enjoy their property without interference or harassment. The problems in this case stem from both sides being more assertive then they should have been.

In June of 2004 the property manager for the Association sent a letter to the defendants suggesting, quite incorrectly as a later survey indicated, that the defendants' new fence was on the Association's property. The defendants increased the animosity by removing a sign for the condominiums that was within the right of way near Route

2

1. Further disputes arose over such issues as snow plowing, driving on grassy areas, where vehicles parked, the taking of photographs and where a mailbox should be located. While there is ample area within the right of way for peaceful co-existence this has proven to be problematical. An examination of the precise wording of the grant of the easement is necessary.

The plaintiff through a defeasance provision in the deed at Book 2580, Page 202 now owns the land in fee. The defendants, however, are the beneficiaries of a precisely described roughly rectangular right of way to be used "over and along the full length, breadth and width ... for the purposes of ingress and egress ... and the construction and maintenance of a roadway over said right of way."

The defendants have argued that, because they have a right of way "over and along the full length, breadth and width" of the strip, the plaintiff cannot install its sign in the front corner of the strip or interfere with how the defendants use the strip. The right of way, however, is for purposes of ingress and egress and it is the plaintiff, not the defendants, who now own the land itself.

In *Pettee v. Young*, 2001 ME 156, 783 A.2d 637 the Law Court carefully examined its precedents concerning when an easement is ambiguous and when easements are or are not limited. Initially the defendants argument is appealing because they are granted rights over and along the "full length, breadth and width" of the easement. These rights have "limiting language" *Pettee* at ¶12, in that they are restricted to ingress and egress. While no specific location within the right of way is designated as the location of a paved road and while no area is automatically precluded from potential use, the purpose of the easement is to allow whatever area is necessary for reasonable ingress and egress to be utilized.

3

There are a number of specific disputes that can be resolved by applying this general principle.

PLAINTIFF'S SIGN —The plaintiff has a tasteful not overly large sign, which is now placed near Route 1 at the edge of the easement area. The sign is near curbing, a highway sign and a granite post. The sign is in a location, which cannot be reasonably used for purposes of ingress and egress. The sign may remain where it is, may be maintained and replaced by the plaintiff when eventually necessary.

CONVERSION CLAIM — The defendants were not justified in removing the plaintiff's sign. The sign was removed in anger to make a point. The plaintiff is entitled to judgment on its conversion claim in the amount of $250.00 based on the September 26, 2005 invoice from Coastal Contractors, Inc. The remaining conversion damage claims are denied.

DEFENDANTS' SIGNS —The defendants drafted, had fabricated and installed two signs, which incorrectly described and, after modification, describe the nature of the right of way. Those signs are to be removed and not reinstalled.

SNOWPLOWING — It was agreed that the defendants will not, and as they say that they have not, plow the snow on their land to the land owned by the plaintiff.

PARKING — Neither side is entitled to use the right of way for parking for their own use, the use of their guests or use by customers of the defendants' business Harbor Flags. The plaintiff may paint or stencil appropriate no parking signs on the paved portion of the easement. It is strongly suggested that the signs not be painted until counsel have conferred. Further disagreements are to be avoided.

AREA NEAR FENCE—The plaintiff complained to the Town of Wells that the defendants were not in full compliance with a previously approved site plan. The Town apparently agreed, at least in part, and apparently sent the defendants a violation

4

notice. The defendants as part of their response to the Town dug up a small portion of lawn in the easement and placed crushed stone there. Currently that action is not consistent with the language of the easement as the construction was not for actual ingress and egress. By May 31, 2006 the defendants will restore the area to grass.

DRIVING ON THE GRASS — The defendants do not need to drive on the grass just to prove that they can or to prevent, in their judgment, some loss of rights. If a larger delivery vehicle needs to utilize the unpaved grass portion of the easement, the vehicle may do so. The defendants, if absolutely necessary, may pass over any minimally necessary part of the unpaved portion of the easement for purposes of ingress and egress. This should be rare and only done if no other reasonable options exist. It should never be done to aggravate the neighbors. Likewise members of the plaintiff association should not complain about brief inconveniences caused by a rare delivery truck. Members need not take photos of every perceived slight. With modest efforts both sides can vastly improve their relationship with the other.

MAILBOX — There will be no order requiring the defendants' mailbox to be moved. It appears that it is in a location chosen by the post office. The harm to the plaintiff in keeping it where it is is minimal.

SEALING AND OTHER REPAIRS — It is requested that the defendants and the plaintiff each give reasonable notice to the other before any maintenance is done on the easement.

The entries are:

On Count 1 of the amended complaint the rights of the parties are declared consistent with this order and decision.

On Count II of the amended complaint judgment for the plaintiff against the defendants in the amount of $250.00 with pre-judgment interest of 7.36% and post-judgment interest of 10.36%, plus costs.

As damages were awarded on Count II and no other damages are warranted, judgment for the defendants on Count III of the amended complaint.

Judgment for the defendants on Count IV of the amended complaint.

Counts V and VI of the amended complaint are dismissed with prejudice and without costs.

Count I of the counterclaim is dismissed as moot.

Judgment for the plaintiff on Counts II, III and IV of the counterclaim.

The plaintiff shall record an attested copy of this order, decision and judgment and pay the appropriate recording fees.


Dated:        January 23, 2006

Paul A. Fritzsche
Justice, Superior Court


The applicable appeal period has expired without action or the final judgment has been entered after remand following appeal.


Dated:

Clerk


PLAINTIFF:
Susan Driscoll, Esq.        BERGEN & PARKINSON
62 Portland Rd
Kennebunk Me   04043


DEFENDANT:
Gregory Orso, Esq.        ERWIN OTT CLARK ORSO & CAMPBELL
PO Box 545
York Me   03909-0545